UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO. 1:19-CR-9-HAB-SLC |
| TIMOTHY CANNON, | |

## OPINION AND ORDER

Before the Court is Defendant, Timothy Cannon's ("Cannon") letter requesting early termination of his supervised release (ECF No. 186), which the Court construes as defendant's *pro se* Petition for Early Termination of Supervised Release ("the Petition"). The Court directed the Probation Office to file a report in response to it and to include in the report the Government's position regarding the Defendant's petition. (ECF No. 187). Probation filed its report on August 19, 2025. (ECF No. 188). The report specifically noted the Government's objection to the Petition. Upon review of Cannon's request and the Probation Report, the Court denies the request for early termination of supervised release.

## PROCEDURAL BACKGROUND

The Government charged Cannon in a three-count superseding indictment with gun and drug charges. (ECF No. 47). Following a jury trial, Cannon was convicted on all counts and sentenced to time served and three years of supervised release. Cannon began his term of supervised release on January 5, 2024, and his term is scheduled to expire on January 4, 2027.

## DISCUSSION

Title 18 of the United States Code, Section 3583(e) governs both early termination and modification of terms of supervised release. The statute provides that a court may, after

considering factors set forth in 18 U.S.C. § 3553(a), terminate supervised release early or modify the conditions of it. 18 U.S.C § 3583(e). After considering the § 3553(a) factors, the court may terminate said term if the following conditions are met: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant's conduct. 18 U.S.C. § 3583(e)(1); *see United States v. O'Hara*, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011).

"Generally, the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision, for if this were simply enough, nearly every defendant who avoided revocation would be eligible for early termination." *United States v. Branscumb*, No. 109CR10023MMMJEH, 2019 WL 6501208, at *3 (C.D. Ill. Nov. 12, 2019), *report and recommendation adopted*, No. 09-10023, 2019 WL 6499067 (C.D. Ill. Dec. 3, 2019); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018) (affirming district court where the court found that the Defendant "at best has merely complied with the terms of supervision"). "Early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *Id.*; *see, e.g., United States v. Kay*, 283 F. App'x 944, 946–47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *Folks v. United States*, 733 F. Supp. 2d 649, 651–52 (M.D.N.C. 2010); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *United States v. Caruso*, 241 F. Supp. 2d 466, 468–69 (D.N.J. 2003); *United States v. Medina*, 17 F. Supp. 2d 245, 246–47 (S.D.N.Y. 1998). It is, moreover, the defendant who bears the burden of demonstrating that early termination is warranted. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003).

Since beginning his supervision, Cannon has earned an associate's degree from the Auguste Escoffier School of Culinary Arts, obtained a ServSafe Manager certification, and gained custody of his daughter. Defendant is employed as the head chef with RedTyes Kitchen & Catering. Cannon also operates a catering business called 12 Sixteen Cuisine. He represents that he is an active member of his community and provides certificates showing he is certified as a Youth Certification 2025 – Tackle for USA Football and completed a course relating to concussion in sports from the National Federation of State High School Associations (NFHS). Cannon asks that the court terminate his supervised release obligation so that he can expand his catering business beyond state lines and travel to larger events.

In the Probation Report, probation officer Gregory Coleman acknowledges that Cannon has complied with his conditions of supervision but notes that this is what is expected of Cannon while on supervised release. Defendant has a history of marijuana use and the probation officer believes that continued monitoring, including drug testing, is necessary in the event of a relapse during the supervision term. As the probation officer notes, the necessity of Cannon to comply with his supervision is even greater now that he has been granted custody of his daughter. Further, to the extent that Cannon would need to travel beyond the judicial district in which he resides for his catering business he may submit a request for permission from the probation officer to do so.

The Court agrees that while Defendant is to be commended for his compliance while on supervision, the Court does not agree that the interests of justice warrants the early termination of supervised release. The motion for early termination (ECF No. 186) is, therefore, DENIED.

**SO ORDERED** this 9th day of October 2025.

                                          s/Holly A. Brady
                                          CHIEF JUDGE HOLLY A. BRADY

UNITED STATES DISTRICT COURT